# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

DEMIAN JOSEPH PINA,

        Petitioner,        :        Case No. 3:15-cv-080

  - vs -                         District Judge Thomas M. Rose
                                 Magistrate Judge Michael R. Merz

UNITED STATES MARSHAL
 FOR THE SOUTHERN DISTRICT
 OF OHIO,

                                              :
        Respondent.

## REPORT AND RECOMMENDATIONS

      This case is before the Court on a Petition for Writ of Habeas under 28 U.S.C. § 2241. Petitioner Demian Joseph Pina avers that he is in the custody of the United States Marshal for the Southern District of Ohio and refers the Court to United States of America v. Pina, Case No. 3:14-cr-023. The docket in that case shows Pina was indicted by the grand jury for this judicial district on February 25, 2014 (Doc. No. 5[1]). Upon the filing of the Indictment, the United States moved to detain Pina pending trial (Doc. No. 9). That Motion came on for hearing before Chief United States Magistrate Judge Sharon L. Ovington on March 3, 2014 (Minute Entry, Doc. No. 13). The same day Judge Ovington entered a Detention Order finding by clear and convincing evidence on the basis of the evidence presented "and for the reasons stated on the record in open court" that no condition or combination of conditions would reasonably assure the appearance of

---

[1] All docket number references are to the criminal case.

1

Pina or the safety of the community pending trial and she ordered him detained (Doc. No. 14).

On April 2, 2014, Pina filed a Motion to Revoke Detention Order (Doc. No. 24). Having heard the Motion, Judge Rose denied it, concluding that Pina had not overcome the presumption of detainability arising from the nature of the offenses (Doc. No. 31). After a substitution of counsel, Pina filed a new Motion for Reconsideration (Doc. No. 35). After competency evaluations and a hearing, Judge Rose again denied bond on February 13, 2015, stating his reasons (Doc. No. 43). The instant Petition followed.

18 U.S.C. § 3145(c) provides that "[a]n appeal from a release or detention order, or from a decision denying revocation or amendment of such an order, is governed by the provision of section 1291 of title 28 and section 3731 of this title." Thus it appear to the Magistrate Judge that Petitioner has a plain remedy for his confinement under Judge Rose's Order by appeal to the United States Court of Appeals for the Sixth Circuit. *United States v. Abuhambra,* 389 F.3d 309 (2nd Cir. 2004). Indeed. 28 U.S.C. § 3145(c) provides for prompt determination of such an appeal, implicitly recognizing the appealability of the order. Conversely, Petitioners has cited no authority for habeas corpus review of a detention order under § 3142.

Petitioner has a plain remedy at law for the asserted errors of which he complains. The equitable remedy by way of habeas corpus is therefore not available to him. The Petition herein should be dismissed without prejudice.

February 27, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).